1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

9
10

11      | Case No. 2:25-cv-02378 JHC

12   RICHARD KENNEDY et al.,        Hon. John H. Chun

13        Plaintiffs,        **DEFENDANTS' MOTION TO STAY**
**SCHEDULING DEADLINES**
**PENDING RESOLUTION OF**
14   v.        **DEFENDANTS' FORTHCOMING**
**MOTIONS TO DISMISS**
15   EXXON MOBIL CORPORATION et al.,
16        Defendants.        Noted for March 31, 2026

17        ***ORAL ARGUMENT REQUESTED***

18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

1
2

# TABLE OF CONTENTS

A.    INTRODUCTION ................................................................................................. 1

B.    ARGUMENT ......................................................................................................... 2

    A.    Legal Standard ........................................................................................... 2

    B.    Good Cause Supports a Temporary Stay of the Scheduling Deadlines ..................... 4

        1.    Defendants' Motions to Dismiss Will Likely Dispose of Plaintiffs' Claims ............. 4

        2.    Resolution of Defendants' Motions Does Not Require Discovery ........................... 7

        3.    Plaintiffs Face No Damage or Prejudice From a Brief Stay ....................... 8

        4.    Prematurely Proceeding With Discovery Now Would Impose an Unnecessary Burden on Defendants and the Court .......................................................... 9

        5.    The Orderly Cause of Justice Supports a Stay ...................................... 10

C.    CONCLUSION .................................................................................................. 10

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

- i -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1
2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahern Rentals Inc. v. Mendenhall*,
    2020 WL 8678084 (W.D. Wash. Jul. 9, 2020) ...................................................................... 3

*In re Amazon Prime Video Litig.*,
    2025 WL 254546 (W.D. Wash. Jan. 21, 2025) ................................................................. 3, 4

*Blackstone Int'l, Ltd. v. E2 Ltd.*,
    2022 WL 522950 (W.D. Wash. Feb. 22, 2022) .................................................................... 7

*Bucks Cnty. v. BP P.L.C.*,
    2025 WL 1484203 (Pa. Ct. Com. Pl. May 16, 2025) ........................................................... 6

*Carrboro v. Duke Energy Corp.*,
    2026 WL 411466 (N.C. Super. Ct. Feb. 12, 2026) ........................................................... 5, 6

*Charleston v. Brabham Oil Co.*,
    2025 WL 2269770 (S.C. Ct. Com. Pl. Aug. 6, 2025) .................................................... 2, 5, 6

*City of Annapolis v. BP P.L.C.*,
    2021 WL 2000469 (D. Md. May 19, 2021) .......................................................................... 8

*City of Annapolis v. BP plc*,
    2025 WL 588595 (Md. Cir. Ct. Jan. 23, 2025) .................................................................... 6

*City of New York v. Chevron Corp.*,
    993 F.3d 81 (2d Cir. 2021) ............................................................................................... 5, 6

*City of Oakland v. BP p.l.c.*,
    2018 WL 3609055 (N.D. Cal. July 27, 2018) ...................................................................... 4

*City of Oakland v. BP plc*,
    325 F. Supp. 3d 1017 (N.D. Cal. 2018) ............................................................................... 6

*Delaware v. BP Am. Inc.*,
    2022 WL 605822 (D. Del. Feb. 8, 2022) ......................................................................... 8, 10

*Dietz v. Bouldin*,
    579 U.S. 40 (2016) ............................................................................................................... 3

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ............................................................................................................. 4

*Gossage v. Office of Personnel Mgmt.*,
    2025 WL 437752 (W.D. Wash. Feb. 7, 2025) ...................................................................... 7

*Int'l Paper Co. v. Ouellette*,
    479 U.S. 481 (1987) ............................................................................................................. 5

*Jan v. People Media Project*,
    2024 WL 4818503 (W.D. Wash. Nov. 18, 2024) .............................................................. 3, 9

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*State ex rel. Jennings v. BP Am. Inc.*,
    2024 WL 98888 (Del. Super. Ct. Jan. 9, 2024) ........................................................6

*Jeter v. President of the United States*,
    670 F. App'x 493 (9th Cir. 2016) ..........................................................................7

*Lazar v. Charles Schwab & Co. Inc.*,
    2014 WL 12551210 (D. Ariz. Sept. 19, 2014) ......................................................7

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) ..............................................................................3

*Lloyd v. Rufener*,
    2018 WL 4353268 (W.D. Wash. Sept. 12, 2018) ..................................................8

*Lomibao v. AGC Biologics Inc.*,
    2025 WL 2663178 (W.D. Wash. Sept. 17, 2025) .................................3, 4, 9, 10

*Mayor and City Council of Baltimore v. BP P.L.C.*,
    2024 WL 3678699 ...........................................................................................5, 6

*Municipality of Bayamón v. Exxon Mobil Corp.*,
    2025 WL 2630671 (D.P.R. Sept. 11, 2025) ..........................................................6

*Municipality of San Juan v. Exxon Mobil Corp.*,
    2025 WL 2848565 (D.P.R. Sept. 30, 2025) ..........................................................6

*In re Netflix Antitrust Litig.*,
    506 F. Supp. 2d 308 (N.D. Cal. 2007) ................................................................3

*State of New Jersey ex rel. Platkin v. Exxon Mobil Corp., et al.*,
    2025 WL 604846 (N.J. Super. Ct. Feb. 5, 2025) .................................................6

*Rutman Wine Co. v. E.& J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ........................................................................2, 3, 7

*Subspace Omega, LLC v. Amazon Web Servs., Inc.*,
    2024 WL 4451404 (W.D. Wash. Oct. 9, 2024) ..............................................3, 10

*Taylor v. Amazon.com, Inc.*,
    2024 WL 3346220 (W.D. Wash. Jul. 9, 2024) ....................................................3

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

- iii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**A.       INTRODUCTION**

Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, Shell plc, Shell USA, Inc., Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Trading (US) Company, Chevron Corporation, Chevron U.S.A. Inc., BP p.l.c., BP America Inc., BP Products North America Inc., ConocoPhillips, ConocoPhillips Company, and American Petroleum Institute ask the Court for a protective order under Federal Rule of Civil Procedure 26(c) to stay Scheduling Deadlines until thirty (30) days after Defendants' Motions to Dismiss are decided. The Motions to Dismiss will be filed shortly, and the parties have already agreed to a briefing schedule. Dkt. No. 24. Accordingly, any stay will be narrow and limited.

In the latest of a series of cases premised on a novel and unprecedented theory of liability, Plaintiffs, individuals seeking to represent two putative classes of homeowners insurance purchasers, seek damages and equitable relief from a select group of out-of-state Defendants for harms allegedly stemming from more than a century of energy consumption and climatic events around the world. *See* Compl. (Dkt. No. 1) ¶¶ 8, 117, 132, 145, 197, 456. Under the law of a single State, Plaintiffs assert injuries from the alleged effects of *global* climate change, on a theory that is necessarily based on the lawful use of fossil-fuel products and resulting greenhouse gas emissions, by nearly every person and entity on Earth since the Industrial Revolution. Compl. ¶¶ 8, 117, 132, 145, 197, 456.

*In just three weeks*, on March 11, 2026, Defendants will file dispositive motions explaining that Plaintiffs' claims are fatally defective on multiple grounds.[1] These motions will include motions to dismiss for lack of personal jurisdiction ("Personal Jurisdiction Motions to Dismiss") and motions to dismiss for failure to state a claim ("Merits Motions to Dismiss"). *See* Dkt. No. 24. Briefing on these dispositive motions will conclude in late June. *See id.* These motions will assert fundamental, threshold, and *purely legal questions* that could (and should)

---

[1] Yesterday, on February 23, 2026, the U.S. Supreme Court granted a petition for writ of certiorari *Suncor Energy (U.S.A.) Inc. v. County Commissioners of Boulder County*, No. 25-170 ("*Boulder*"). The Supreme Court's forthcoming decision may have a significant, and potentially dispositive, impact on this case. Accordingly, Defendants intend to seek a stay of all proceedings in this case pending the U.S. Supreme Court's decision in *Boulder*.

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

resolve Plaintiffs' claims without the need for any discovery—as they have repeatedly done in similar cases around the country. Indeed, a "growing chorus of state and federal courts across the United States" has dismissed similar claims against these same Defendants at the pleadings stage on the precise grounds that will be presented in Defendants' motions. *Charleston v. Brabham Oil Co.*, 2025 WL 2269770, at \*2 (S.C. Ct. Com. Pl. Aug. 6, 2025) (citation omitted).

On February 2, 2026, the Court entered an Order Regarding Initial Disclosures, Joint Status Reports, and Early Settlement (Dkt. No. 65), which established deadlines for the parties' Rule 26(f) conference, initial disclosures under Rule 26(a)(1), and the Rule 26(f) and combined joint status report and discovery plan ("Scheduling Deadlines"). The parties subsequently stipulated to—and the Court ordered—a stay of the Scheduling Deadlines so that Defendants could bring this motion. Dkt. No. 72.

Absent a further stay of the deadlines, the parties and the Court will be required to devote substantial resources to discovery, which—as with any kind of putative class action with such sweeping allegations—would be extensive, sprawling, disputed, and will likely require a significant amount of time and attention from the Court. It makes good sense and would be far more efficient for the parties and the Court to allow the Court the opportunity to resolve Defendants' dispositive motions to dismiss—including the threshold question of whether the Court has jurisdiction in the first instance—before launching into burdensome discovery. Doing so would save the parties and Court significant time and resources should the Court dismiss or materially narrow Plaintiffs' claims. Indeed, the Ninth Circuit has emphasized that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E.& J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citations omitted).

Accordingly, the Court should issue an Order staying the Scheduling Deadlines.

**B.    ARGUMENT**

    **A.    Legal Standard**

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S.

40, 47 (2016) (collecting cases). This authority encompasses "wide discretion in controlling discovery" and includes issuing discovery stays. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see Lomibao v. AGC Biologics Inc.*, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025) (Chun, J.) (granting defendants' motion to stay discovery).

The Court's broad discretion is enshrined in Rule 26(c)(1), which empowers the Court to, "for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" in connection with discovery. Courts within the Ninth Circuit routinely exercise that discretion to properly stay discovery where, as here, a pending motion to dismiss could dispose of the entire case and obviate the need for any discovery (among other reasons). *See, e.g.*, *In re Amazon Prime Video Litig.*, 2025 WL 254546, at *2 (W.D. Wash. Jan. 21, 2025) (granting discovery stay, including of Rule 26(f) conference and initial disclosures); *Jan v. People Media Project*, 2024 WL 4818503, at *3 (W.D. Wash. Nov. 18, 2024); *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024); *Taylor v. Amazon.com, Inc.*, 2024 WL 3346220, at *1 (W.D. Wash. Jul. 9, 2024); *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *2 (W.D. Wash. Jul. 9, 2020).

Where discovery is likely to be "broad, time-consuming and expensive," Ninth Circuit courts are more likely to stay discovery. *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *Rutman Wine Co.*, 829 F.2d at 738 ("The purpose of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

"In determining whether a discovery stay is appropriate pending resolution of a separate dispositive motion, Ninth Circuit courts consider a number of factors." *Lomibao*, 2025 WL 2663178, at *1. "These factors include: (1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC
- 3 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1  be expected to result from a stay." *Id*. (internal quotations and citation omitted).[2] All five factors

2  heavily favor a stay here.

3  **B.    Good Cause Supports a Temporary Stay of the Scheduling Deadlines**

4  **1.    Defendants' Motions to Dismiss Will Likely Dispose of Plaintiffs' Claims**

5  The first factor—*whether the pending motion could dispose of the entire case*—strongly

6  supports a stay. Plaintiffs' allegations are unlikely to survive Defendants' forthcoming Motions

7  to Dismiss for multiple, independent reasons.[3]

8  Defendants' Personal Jurisdiction Motions to Dismiss will explain that Plaintiffs do not

9  and cannot allege that their claims "arise out of or relate to" each Defendant's purported contacts

10  with Washington. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021).

11  Plaintiffs cannot allege that the use or malfunction of any Defendant's products in Washington

12  (or any Defendant's acts in Washington) injured Plaintiffs in Washington. Plaintiffs instead seek

13  to hold Defendants liable for injuries allegedly resulting from *global* climate change caused by

14  the cumulative *worldwide* combustion of fossil fuels and other sources of emissions over the

15  past century—most of which have no connection to Defendants' conduct anywhere, much less

16  in Washington. "It is manifest that global warming would have continued in the absence of all

17  [forum]-related activities of defendants. Plaintiffs have therefore failed to adequately link each

18  defendant's alleged [forum State] activities to plaintiffs' harm." *City of Oakland v. BP p.l.c.*,

19  2018 WL 3609055, at *3 (N.D. Cal. July 27, 2018). As one court explained in dismissing similar

20  climate change-related claims: "To satisfy this 'related to' prong, a plaintiff must allege facts

21  that, taken as true, would show that the plaintiff's use and the malfunction of a defendant's

22  product in South Carolina injured the plaintiff in South Carolina. But Plaintiff does not (and

---

[2] Some courts frame the analysis as a "two-part test," first examining if the pending motion is "potentially dispositive of the entire case, or at least on the issue to which discovery is directed," and, second, determining "if the pending dispositive motion can be decided without additional discovery." *In re Amazon Prime Video Litig.*, 2025 WL 254546, at *1; *see also Lomibao*, 2025 WL 2663178, at *1 n.1.

[3] These reasons are summarized here, but will be described more fully in Defendants' forthcoming Motions to Dismiss.

cannot) allege that the use of any Defendant's oil and gas products in South Carolina caused global climate change and Plaintiff's alleged injuries. South Carolina accounts for only a small fraction of global greenhouse gas emissions, and Plaintiff's alleged injuries would be the same if Defendants had never sold or promoted any such products in South Carolina." *Charleston*, 2025 WL 2269770, at *19 (citation omitted). The same is true here.

Even if this Court did have personal jurisdiction, Defendants' Merits Motions to Dismiss will demonstrate that Plaintiffs' claims fail as a matter of law on multiple independent grounds. Most fundamentally, the structure of the United States Constitution precludes and preempts Plaintiffs' state-law claims seeking damages for harms allegedly caused by interstate and international emissions. For example, in affirming dismissal of similar claims, the Second Circuit held that a "suit seeking to recover damages for the harms caused by global greenhouse gas emissions may [not] proceed under [state] law," emphasizing that "a mostly unbroken string of [Supreme Court] cases has applied federal law to disputes involving interstate air or water pollution." *City of New York v. Chevron Corp.*, 993 F.3d 81, 91 (2d Cir. 2021) (collecting cases). State courts have recently reached the same conclusion. *See, e.g.*, *Mayor and City Council of Baltimore v. BP P.L.C.*, 2024 WL 3678699, at *6 (holding that "the Constitution's federal structure does not allow the application of state law claims like those presented"); *Charleston*, 2025 WL 2269770, at *5 (holding that "the structure of the U.S. Constitution precludes state-law claims seeking damages for injuries allegedly caused by out-of-state and international emissions").

Plaintiffs' claims are also preempted by the federal Clean Air Act, which "precludes a court from applying the law of an affected State against an out-of-state source." *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 494 (1987); *see also, e.g.*, *Baltimore*, 2024 WL 3678699, at *8 (the Clean Air Act "preempts state law claims as well"). Furthermore, as one court, among others, recently ruled in dismissing similar claims, Plaintiffs' claims "are barred by the political question doctrine and therefore must be dismissed." *Carrboro v. Duke Energy Corp.*, 2026 WL 411466, at *15 (N.C. Super. Ct. Feb. 12, 2026). As in that case, Plaintiffs' "theory in this case would require a factfinder to make decisions based on pure conjecture divorced from any clearly

articulable or objective standards, necessarily requiring rank speculation as to the internal motivations of hundreds of millions of individuals in the United States and the cumulative effect of their actions on a global phenomenon." *Id.* at \*11.

Given these fundamental flaws, as noted, a "growing chorus of state and federal courts across the United States" has dismissed similar claims on the pleadings as beyond the limits of state law and barred by federal law. *Charleston*, 2025 WL 2269770, at \*2; *see also City of New York*, 993 F.3d 81; *City of Oakland v. BP plc*, 325 F. Supp. 3d 1017 (N.D. Cal. 2018), *vacated on other grounds*, 960 F.3d 570 (9th Cir. 2020); *State ex rel. Jennings v. BP Am. Inc.*, 2024 WL 98888 (Del. Super. Ct. Jan. 9, 2024); *Baltimore*, 2024 WL 3678699; *City of Annapolis v. BP plc*, 2025 WL 588595 (Md. Cir. Ct. Jan. 23, 2025); *State of New Jersey ex rel. Platkin v. Exxon Mobil Corp., et al.*, 2025 WL 604846 (N.J. Super. Ct. Feb. 5, 2025); *Bucks Cnty. v. BP P.L.C.*, 2025 WL 1484203 (Pa. Ct. Com. Pl. May 16, 2025). And those courts have done so even though the plaintiffs in those cases, just like Plaintiffs here, insisted that the focus of their complaints was purported deception and failure to warn rather than the impacts of global emissions and global climate change.

Critically, these courts have dismissed the same sorts of climate change-related claims *on the pleadings and without any discovery*.[4] And these cases were dismissed *with prejudice*, "because no amendment to Plaintiff[s'] Complaint[s] can cure the fundamental flaws and deficiencies in [their] claims." *Charleston*, 2025 WL 2269770, at \*20. And here, Plaintiffs' claims are even more attenuated than in other climate cases, given Plaintiffs' strained and improper attempt to force their climate allegations into a RICO framework. *See* Compl. ¶¶ 410–32.

This Court should adhere to guidance from the Ninth Circuit that staying discovery pending a Rule 12(b)(6) motion "makes sense" because the purpose of such a motion "is to

---

[4] And in addition to these cases, two climate cases in federal court in Puerto Rico alleging RICO violations were dismissed on statute of limitations grounds prior to any discovery. *Municipality of Bayamón v. Exxon Mobil Corp.*, 2025 WL 2630671, at \*35 (D.P.R. Sept. 11, 2025); *Municipality of San Juan v. Exxon Mobil Corp.*, 2025 WL 2848565, at \*5 (D.P.R. Sept. 30, 2025).

1   enable defendants to challenge the legal sufficiency of complaints without subjecting themselves

2   to discovery." *Rutman Wine Co.*, 829 F.2d at 738. And this approach makes particular sense

3   here, where numerous courts have dismissed precisely these sorts of claims on the pleadings and

4   without discovery.

5               **2.    Resolution of Defendants' Motions Does Not Require Discovery**

6       The second factor—*whether the motion could be decided without additional discovery*—

7   also favors a stay because the forthcoming Motions to Dismiss will present threshold legal issues

8   that can be resolved on the face of the pleadings. A stay pending resolution of a motion to dismiss

9   is appropriate when the motion "is 'potentially dispositive of the case and presents purely legal

10  issues.'" *Gossage v. Office of Personnel Mgmt.*, 2025 WL 437752, at *2 (W.D. Wash. Feb. 7,

11  2025) (quoting *Lazar v. Charles Schwab & Co. Inc.*, 2014 WL 12551210, at *2 (D. Ariz. Sept.

12  19, 2014)). A stay of discovery can be particularly appropriate when the issues to be decided are

13  jurisdictional. *See, e.g.*, *Jeter v. President of the United States*, 670 F. App'x 493, 494 (9th Cir.

14  2016) (discovery stay appropriate when "the pending motion to dismiss required resolution of

15  jurisdictional issues"); *Blackstone Int'l, Ltd. v. E2 Ltd.*, 2022 WL 522950, at *1–2 (W.D. Wash.

16  Feb. 22, 2022) (staying discovery pending resolution of motions to dismiss challenging personal

17  jurisdiction).

18      Here, no factual development is necessary to decide any of the Motions to Dismiss,

19  which will present purely legal issues. This is reflected in the numerous decisions, discussed

20  above, that have dismissed similar claims with prejudice and without discovery. Indeed, in one

21  of the few climate cases in which plaintiffs sought merits discovery before the dispositive

22  motions were resolved, the court stayed discovery pending at least the resolution of the

23  defendants' motions to dismiss for lack of personal jurisdiction. *See Platkin*, No. MER-L-

24  001797-22 (N.J. Super. Ct. Dec. 15, 2023) ("Discovery is hereby stayed pending further Order

25  from the Court following its resolution of Defendants' motions to dismiss for lack of personal

26  jurisdiction").

27

28

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

- 7 -

### 3.     Plaintiffs Face No Damage or Prejudice From a Brief Stay

The third factor—*whether any damage may result from a stay*—favors a stay because no damage or prejudice will flow to Plaintiffs from a stay. The duration of Defendants' requested stay is limited. The case is in its early stages. No trial date or end of discovery deadline has been set. Nor have Plaintiffs sought any sort of provisional relief such as a temporary restraining order or preliminary injunction. Thus, no requested emergency relief is pending at all, much less any that requires discovery. If this Court does not join the "growing chorus" and denies the Motions to Dismiss, Plaintiffs will have a full and fair opportunity to pursue discovery at that time. *See, e.g.*, *Lloyd v. Rufener*, 2018 WL 4353268, at \*1 (W.D. Wash. Sept. 12, 2018) (granting discovery stay pending motion to dismiss).

Any purported delays are of Plaintiffs' own making. Plaintiffs chose to wait until 2025 to bring this case, even though they have long been on notice of the issues raised by their claims, and after numerous other, highly publicized climate cases have been filed since 2017.[5] *See Delaware v. BP Am. Inc.*, 2022 WL 605822, at \*3 n.3 (D. Del. Feb. 8, 2022) (explaining it was "relevant to the Court's [stay] calculation . . . that Plaintiff waited for approximately three years after the first [similar suit] before bringing its case"). In any case, because Plaintiffs principally seek damages, which may be awarded at any time, a stay will not prevent Plaintiffs from ultimately securing any compensation to which they are entitled should they prevail on the merits of the case. Moreover, as another court noted in a similar suit, "the outcome of this lawsuit cannot turn back the clock on the atmospheric and ecological processes" alleged by Plaintiffs, and, accordingly, "[t]he urgency of the threat of climate change writ large is distinct from" Plaintiffs' "interest in a speedy determination" of their primarily compensatory claims. *City of Annapolis v. BP P.L.C.*, 2021 WL 2000469, at \*4 (D. Md. May 19, 2021) (granting stay of

---

[5] Indeed, Plaintiffs' outside counsel here, Hagens Berman, brought a climate case on behalf of King County *in 2018*, and subsequently voluntarily dismissed that action before Judge Lasnik of this Court had the opportunity to resolve motions to dismiss. *See King Cnty. v. BP P.L.C.*, No. 2:18-cv-00758-RSL, Dkt. 187 (W.D. Wash. Sept. 28, 2021) (King County's notice of voluntary dismissal).

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

1   remand). "[T]he possible damage that may result from granting a stay," if any, "would be

2   minimal." *Jan*, 2024 WL 4818503, at *3.

### 4. Prematurely Proceeding With Discovery Now Would Impose an Unnecessary Burden on Defendants and the Court

The fourth prong—*the hardship or inequity which a party may suffer in being required to go forward*—likewise favors a stay. Discovery pending resolution of the forthcoming Motions to Dismiss risks expending massive resources, creating inefficiency for the parties (and non-parties) and the Court and prejudicing Defendants. As this Court has recognized, "it is . . . appropriate . . . to consider potential hardship to a defendant" when ruling on a motion to stay discovery. *Lomibao*, 2025 WL 2663178, at *2.

Without a stay, Defendants will be forced to negotiate a case schedule and the terms of three governing protocols prematurely: an ESI Protocol, Privilege Protocol, and Protective Order. But there is no specific urgency here warranting discovery at this stage. And given the far-reaching nature of Plaintiffs' allegations and the number of parties named in the Complaint, as well as experience from other climate-related cases, Plaintiffs' discovery requests are likely to be sprawling, expansive, and require significant party resources—which will, in turn, require further court intervention to resolve disputes over the appropriate scope of discovery. Indeed, Plaintiffs' 118-page, 458-paragraph Complaint includes allegations stretching back to "at least the 1950s," and encompasses alleged conduct "worldwide." Compl. ¶¶ 21, 146, *see also, e.g.*, *id.* ¶¶ 149, 293, 310, 311, 324–30, 416. Yet the scope of discovery will necessarily be impacted by the Court's decisions on the forthcoming Motions to Dismiss, which could dispose of or substantially narrow Plaintiffs' claims. And if the Motions to Dismiss are granted, all that effort will have been wasted. This is exactly the type of undue burden and expense that the Court can and should prevent by exercising its discretion to stay discovery.

Further, the burden is not limited to Defendants. In the absence of a stay, Defendants will need to propound their own discovery requests to Plaintiffs to defend their interests. Because Plaintiffs' claims hinge in significant part on what each Plaintiff knew and when, Defendants anticipate conducting extensive discovery into Plaintiffs' knowledge. Understanding and

defending against Plaintiffs' claims implicates federal, state, and municipal knowledge of climate change and action (or lack thereof) as well. This will impose significant costs on the parties and non-party governmental agencies at both the state and federal levels—and potentially other non-parties such as other energy producers and distributors, academic institutions, and others—not to mention any Court intervention needed to adjudicate discovery disputes along the way. Every one of these disputes—and all the burdens associated with the discovery process—can be avoided by a stay pending resolution of forthcoming Motions to Dismiss.

### 5.    The Orderly Cause of Justice Supports a Stay

Finally, even if some of Plaintiffs' claims survive, the fifth factor—*the orderly cause of justice*—supports a stay because "the issues are more likely to be simplified than complicated." *Subspace Omega, LLC*, 2024 WL 4451404, at *2. A favorable or unfavorable ruling on all (or even parts) of Defendants' Motions to Dismiss will undoubtedly clarify the scope of discovery and simplify the issues of proof and law in this matter moving forward. *Lomibao*, 2025 WL 2663178, at *2. And the public interest will benefit by avoiding the needless diversion of scarce judicial resources to managing complicated discovery disputes that will be rendered moot if Motions to Dismiss are granted. As one court explained in granting a stay in a similar case: "a relatively short pause of this likely lengthy litigation will not substantially harm Plaintiff[s'] ability to prosecute its case." *Delaware*, 2022 WL 605822, at *3. Accordingly, a stay "will not substantially harm Plaintiff[s] and will serve the public interest." *Id.*

### C.    CONCLUSION

For these reasons, Defendants request that the Court enter an order staying the Scheduling Deadlines until thirty (30) days after the Court's resolution of Defendants' forthcoming Motions to Dismiss.

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC                                        - 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

1           I certify that this memorandum contains 3,716 words in compliance with the Local Civil

2    Rules.

3

4    Respectfully submitted this 24th day of February, 2026.

5

6    ORRICK, HERRINGTON & SUTCLIFFE LLP     K&L GATES LLP

7    By:  *s/Robert M. McKenna*           By:  *s/Kari L. Vander Stoep*
             Robert M. McKenna (WSBA No. 18327)      Kari L. Vander Stoep (WSBA No. 35923)
8            rmckenna@orrick.com               Kari.vanderstoep@klgages.com
             Mark S. Parris (WSBA No. 13870)         925 Fourth Avenue, Suite 2900
9            mparris@orrick.com                Seattle, WA 98104-1158
             Aaron P. Brecher (WSBA No. 47212)       Tel: 206.623.7580
10           abrecher@orrick.com
             401 Union Street, Suite 3100
11           Seattle, WA 98101                 Josh A. Cohen (*pro hac vice*)
             Telephone: 206.839.4300           David Sarratt (*pro hac vice*)
12                                           Nicholas Folly (*pro hac vice*)
                                             Elizabeth Costello (*pro hac vice*)
13   GIBSON, DUNN & CRUTCHER LLP       650 California Street
             Theodore J. Boutrous, Jr., *pro hac vice*    San Francisco, CA 94108
14           forthcoming                    Tel.: (415) 738-5700
             tboutrous@gibsondunn.com          Fax: (415) 644-5628
15           333 South Grand Avenue           jacohen@debevoise.com
             Los Angeles, CA 90071            dsarratt@debevoise.com
16           Telephone:  213.229.7000        nfolly@debevoise.com
                                             ecostello@debevoise.com
17           Joshua D. Dick, *pro hac vice* forthcoming
18           jdick@gibsondunn.com           Maura K. Monaghan (*pro hac vice*)
             One Embarcadero Center, Suite 2600    Alexander Costin (*pro hac vice*)
19           San Francisco, CA 94111          66 Hudson Boulevard
             Telephone: 415.393.8200           New York, NY 10001
20                                           Tel.: (212) 909-6000
21           *Attorneys for Defendants Chevron*     Fax: (212) 909-6836
             *Corporation and Chevron U.S.A. Inc*    mkmonaghan@debevoise.com
22                                           ajcostin@debevoise.com

23                                      *Attorneys for Defendants Shell plc, Shell USA,*
24                                      *Inc., Equilon Enterprises LLC d/b/a Shell Oil*
                                        *Products US; and Shell Trading (US) Company*
25

26

27

28

DEFENDANTS' MOTION TO STAY         - 11 -       ORRICK, HERRINGTON & SUTCLIFFE LLP
2:25-cv-02378-JHC                                      401 Union Street, Suite 3300
                                              Seattle, Washington  98101-2668
                                              +1 206 839 4300

BYRNES KELLER CROMWELL LLP

By: *s/Bradley S. Keller*
     Bradley S. Keller (WSBA No. 10665)
     bkeller@byrneskeller.com
     *s/Joshua B. Selig*
     Joshua B. Selig (WSBA No. 39628)
     jselig@byrneskeller.com
     1000 Second Ave., 38th Fl.
     Seattle, WA 98104
     Tel: 206.622.2000

HUESTON HENNIGAN, LLP
     John C. Hueston (*pro hac vice*)
     jhueston@hueston.com
     620 Newport Center Drive, Suite 1300
     Newport Beach, CA 92660
     Tel: 949.229.8640

     Moez M. Kaba (*pro hac vice*)
     mkaba@hueston.com
     Vicki Chou (*pro hac vice*)
     vchou@hueston.com
     523 W. 6th Street, Suite 400
     Los Angeles, CA 90014

*Attorneys for Defendants EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION*

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *s/Evelyn E. Winters*
     Evelyn E. Winters (WSBA No. 44936)
     evelyn.winters@wilsonelser.com
     520 Pike Street, Suite 2350
     Seattle, WA 98101
     Tel:  206.709.5900

By: *s/Peder Rigsby*
     Peder Rigsby (WSBA No. 43733)
     peder.rigsby@wilsonelser.com
     805 SW Broadway, Suite 2460
     Portland, OR 97205
     Tel: 971.352.3030

MCGUIREWOODS LLP

     Jeremiah J. Anderson (*pro hac vice*)
     Email: jjanderson@mcguirewoods.com
     McGuireWoods LLP
     Texas Tower, 24th Floor
     Houston, TX 77002
     Tel: 832-255-6339

     Brian D. Schmalzbach (*pro hac vice*)
     Email: bschmalzbach@mcguirewoods.com
     800 East Canal Street
     Richmond, VA 23219
     Tel: 804-775-4746

*Attorneys for Defendant American Petroleum Institute*

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

- 12 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

STOEL RIVES LLP

By: *s/Vanessa Soriano Power*
    Vanessa Soriano Power (WSBA No.
    30777)
    Vanessa.power@stoel.com
    600 University Street, Suite 3600
    Seattle, WA 98101
    Tel: 206.624.0900

ARNOLD & PORTER KAYE SCHOLER LLP
    Diana E. Reiter (*pro hac vice*)
    diana.reiter@arnoldporter.com
    250 West 55th Street
    New York, NY 10019-9710
    Tel: 212.836.8383

    John D. Lombardo (*pro hac vice*)
    john.lombardo@arnoldporter.com
    Sean O. Morris (*pro hac vice*)
    sean.morris@arnoldporter.com
    777 South Figueroa Street, 44th Fl.
    Los Angeles, CA 90017-5844
    Tel: 213.243.4000

    Jonathan W. Hughes (*pro hac vice*)
    jonathan.hughes@arnoldporter.com
    Three Embarcadero Center, 10th Fl.
    San Francisco, CA 94111-4024
    Tel: 415.471.3100

*Attorneys for Defendants BP p.l.c., BP America Inc., and BP Products North America Inc.*

CORR CRONIN LLP

By: *s/Timothy A. Bradshaw*
    Timothy A. Bradshaw (WSBA No. 17983)
    tbradshaw@corrcronin.com
    Jeff Bone (WSBA No. 43965)
    jbone@corrcronin.com
    1015 Second Ave. Fl. 10
    Seattle, WA 98104-1001
    Tel: 206.625.8600

WILMER CUTLER PICKERING HALE AND DORR LLP
    Hallie B. Levin (*pro hac vice*)
    hallie.levin@wilmerhale.com
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
    Tel: 212.295.6710

    Matthew T. Martens (*pro hac vice*)
    matthew.martens@wilmerhale.com
    2100 Pennsylvania Ave. NW
    Washington, DC 20037
    Tel: 202.663.6000

    Robert Kingsley Smith (*pro hac vice*)
    robert.smith@wilmerhale.com
    60 State Street
    Boston, MA 02109
    Tel: 617.526.6000

*Attorneys for Defendants ConocoPhillips and ConocoPhillips Company*

DEFENDANTS' MOTION TO STAY
2:25-cv-02378-JHC

- 13 -

Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300